EDMUND J. BAILEY, plaintiff in error, *vs.* WILLIAM NEW, administrator, etc., defendant in error.

[LUMPKIN, J., did not preside in this case.]

1. Certain depositions offered in evidence were objected to, on the ground, that one of the cross-interrogatories was not fully answered, the question being, "what relation are you to Bailey, or any of the parties? Who is present, or been present, during the execution of these interrogatories? Where taken at, and where is the defendant?" and the answer being: "None whatever. The commissioners and myself are all that are present, and all that has been, during the execution of these interrogatories. In the town of Conyers, Newton county." The Court sustained the objection and repelled the depositions: *Held*, that the Court committed error.

Debt, in DeKalb Superior Court. Tried before Judge BULL, at October Term, 1860.

This was an action, commenced on the 25th of March, 1857, by William New, as administrator of Lemuel H. Pruett, deceased, against Luke J. Robinson, as principal, and John M. Robinson and Edward, J. Bailey, as securities, to recover the amount of a promissory note dated the 3d of March, 1855, due the 25th of December, 1855, payable to the said Lemuel H. Pruett or bearer, for $657 30, with interest from 25th December, 1854.

Edmund J. Bailey pleaded to this action, that he was a surety only on the note sued on, and was not interested in

the consideration thereof; that on the 1st day of July, 1856, he notified the plaintiff to proceed to collect said note, which he failed to do for more than three months thereafter, and that under the laws of this State, he (Bailey) was discharged from all obligation to pay the debt.

The issue raised by this plea formed the only question in the case, and quite a number of witnesses testified on both sides.

Amongst other things, the defendant offered in evidence the depositions of Elijah L. Turner, for the purpose of impeaching Asbury W. Jackson, a very important witness who had testified in behalf of the plaintiff, by proving that Jackson had made statements wholly inconsistent with his testimony on the trial.

The depositions thus offered were objected to by counsel for the plaintiff on the ground, that one of the cross-interrogatories was not fully answered. The cross-interrogatory was: "What relation are you to Bailey, or any of the parties? Who is present, or been present, during the execution of these interrogatories? Where taken at, and where is the defendant?"

The answer to this cross-interrogatory was:

"None whatever. The commissioners and myself are all that are present, and all that has been during the execution of these interrogatories. In the town of Conyers, Newton county."

The Court sustained the objection and repelled the depositions, and defendant complains that the Court erred in so doing. There were other questions made in the bill of exceptions, but this was the only one passed upon by the Supreme Court, and hence all others are omitted.

M. A. Candler, for plaintiff in error.

Clark & Lamar, contra.

*By the Court.*—JENKINS, J., delivering the opinion.

A reversal of the judgment of the Court below is asked, because the Court erred in ruling out the deposition of Turner, the witness. They were ruled out on the ground, that he had not fully answered their cross-interrogatory. The part unanswered is: " where is the defendant?" (at the time witness answered.) Every other part of the interrogatory is answered.

1st. This part as to the whereabouts of the defendant is also answered to the extent that it can be material. The object was to ascertain whether or not defendant was present at the examination of witness.

The answer shows that he was not.

2d. Defendant not being present, witness could not possibly know where he was, nor was it material. The reason for rejecting the testimony was insufficient. The testimony seems to be important.

The judgment must be reversed and a new trial had.

Let the judgment be reversed.